IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, ) | | |
| ) | | |
| Plaintiff, ) | | 4:06CR3043 |
| ) | | |
| v. ) | | |
| ) | | |
| HENRY CRAIG TAYLOR, ) | | TENTATIVE FINDINGS ON |
| ) | | OBJECTION TO PRESENTENCE |
| Defendant. ) | | INVESTIGATION REPORT |
| ) | | |

The Addendum to the Presentence Investigation Report shows an objection by the defendant, saying:

> "The defendant objects to paragraphs 44 and 45 of the Criminal History Computations Section. He argues that the two-level enhancement for committing the instant offense less than two years following his release from custody, pursuant to U.S.S.G. 4A1.1(e), does not apply."

The probation officer's response says that:

> Records indicate that on November 5, 2002, the defendant was taken into custody for a probation violation in case number CR99-147, and on January 22, 2003, his probation was ordered revoked and he was sentenced to 150 days jail. The defendant remained in custody until February 8, 2003. The defendant became involved with the instant offense in December 2004. Therefore, the defendant committed the instant offense less than two year after being released from custody. The presentence report was not changed.

The original Presentence Investigation Report at paragraph 36 does not say what the Presentence Investigation Report as revised now shows, as follows:

> It is noted the defendant was arrested on November 5, 2002, for a probation violation and on January 22, 2003, the defendant's probation was revoked and he was sentenced to 150 days jail. The defendant was released from Phelps County custody on February 8, 2003.

The facts in this matter are not certain. Paragraph 44 of the Presentence Investigation Report says that if the instant offense began less than two years after release from imprisonment, which is described in paragraph 36, then two additional criminal history points are warranted. The defendant objects to that paragraph. The fact that the defendant was released from Phelps County custody on February 8, 2003, is mentioned only in the addition that was put on the Presentence Investigation Report after the objection had been made. No objection has been made to that addition, but I cannot say that that means that the fact of release on February 8, 2003, is taken as true, inasmuch as it was not a part of the Presentence Investigation Report at the time called for objections to the report to be made.

Additionally, I cannot be certain that the defendant's involvement in the conspiracy with which he is charged began in December 2004. If it did, and if his release from custody on the probation violation in paragraph 36 was on February 8, 2003, then the defendant's involvement in the conspiracy did begin within two years from his release from custody on the paragraph 36 probation revocation sentence.

Because of the objection and lack of evidence that is not objected to regarding when he was released from the Phelps County custody and when his involvement in the conspiracy began, it seems to me necessary

-2-

that there be an evidentiary hearing at which both parties may offer evidence, either orally or by documentation.

I tentatively find that the Presentence Investigation Report, as revised, is true and accurate, except with respect to paragraphs 44 and 45. An evidentiary hearing will be held at the time of the sentencing.

Dated May 17, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge